IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

BILL D. CARR,

                Plaintiff,                    6:13-cv-00521-PK

v.                                      OPINION AND ORDER

CAROLYN COLVIN, Commissioner
of Social Security,

                Defendant.

_____

PAPAK, Magistrate Judge:

        Plaintiff Bill D. Carr seeks attorney fees and costs pursuant to the Equal Access to Justice

Act ("EAJA"), 28 U.S.C. § 2412. Carr's request (#29) includes fees related to his appeal to this

Court conducted in various stages from March 30, 2013, to July 7, 2014. The Commissioner of

Page 1 - OPINION AND ORDER

Social Security ("Commissioner") does not contest that Carr is entitled to EAJA fees. Instead, the Commissioner maintains that the amount Carr requests should be reduced as it is unreasonable in light of his unwillingness to accept an offer to remand this case, and his alleged failure to subsequently obtain greater relief than was offered to him. For the reasons set forth below, Carr's motion is granted in part and reduced by the amount requested by the Commissioner.

## PROCEDURAL BACKGROUND

Carr protectively filed an application for benefits on April 9, 2009, alleging an onset date of April 30, 1998. The application was denied initially and upon reconsideration. Carr requested a hearing, which was held on June 9, 2009, before an Administrative Law Judge ("ALJ"). The ALJ issued a decision finding Plaintiff not disabled on August 19, 2011. After Carr presented the Social Security Appeals Council with additional medical evidence, the Council denied Plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner.

Carr sought review of the ALJ's decision in this court on March 26, 2013. On January 31, 2014, the Commissioner filed a brief Requesting Remand to the Agency (#25), to which Carr replied in opposition on February 12, 2014.

On July 11, 2014, this court remanded Carr's case for further proceedings. See *Carr v. Colvin*, 2014 WL 3475056 (D. Or. July 11, 2014). This court issued the remand because it found that the Appeals Council erred in rejecting Carr's newly presented medical evidence when denying review of his claim. Carr timely filed his motion for attorney fees (#29) in the amount of $7,741.48.

## LEGAL STANDARD

A party that prevails against the United States in a civil action is entitled, in certain circumstances, to an award of attorney fees, court costs, and other expenses under the EAJA. 28 U.S.C. § 2412. Section 2412(d)(1)(A) of the EAJA provides in pertinent part:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

"Fees and other expenses," as defined in the EAJA, include "reasonable attorney fees." *Id.* Under the EAJA, attorney fees are set at the market rate, but capped at $125 per hour. *Id.* The statute explicitly permits the court, in its discretion, to reduce the amount awarded to the prevailing party to the extent that the party "unduly and unreasonably protracted" the resolution of the case. 28 U.S.C. §§ 2412(d)(1)©, 2412(d)(2)(D).

In determining a proper fee award under the EAJA, a court must consider the reasonableness of fees resulting from a motion or appeal that does not advance the moving party's position. *See Atkins v. Apfel*, 154 F.3d 986, 989 (9th Cir. 1998). While "[t]here is no precise rule or formula for making these determinations," a court may consider an array of factors, including the results obtained from the disputed work. *Hensley v. Eckerhart*, 461 U.S. 422, 434, 436 (1983).

Page 3 - OPINION AND ORDER

## DISCUSSION

Carr argues that all hours expended at the federal district court level were reasonable and necessary due to the actions of the Commissioner, particularly conditions the Commissioner imposed on her Request for Remand ("Request") (#25).[1] Pl.'s Br. in Support of Motion for Attorney Fees Pursuant to EAJA ("Pl.'s Supp. Br."), #31, 3. The Commissioner argues that the time Carr spent opposing the Request, as well as subsequent time spent on the instant motion, is unreasonable under the framework set forth by EAJA and *Atkins v. Apfel. See Atkins*, 154 F.3d at 989. Relying on that argument and the relevant standards, the Commissioner maintains that Carr's attorney fee award should amount to $6,071.47, rather than $7,741.48. Def.'s Response, #33, 2.

### A.    Conditions for Remand and Court Order

Carr's arguments advancing his position that all documented fees are reasonable under EAJA rests on one central point: all benefits conferred upon him by this Court's order to remand were "significantly more favorable" than the limited terms proposed in the Request (#25). Pl.'s Supp. Br., #31, 3. The relevant aspects of the Request are as follows:

> The Commissioner, therefore, respectfully requests this Court reverse and remand this case for further administrative proceedings . . . with the following conditions of remand: the ALJ will [1] hold a new hearing and issue a new decision; [2] consider the evidence submitted

---

[1] Additionally, Carr describes the requirements to support a claim for attorney fees pursuant to EAJA and goes on to argue the "prevailing party" and "substantially justified" elements for such a claim. *Shalala v. Schaefer*, 113 S.Ct. 2625, 2631 (1993); *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995). I note that these issues are not disputed in this case. The Commissioner concedes that Carr's EAJA petition was timely filed, that Carr was the prevailing party in the underlying action, and that the Commissioner was not substantially justified in her initial position. Def.'s Response, #33, 2. I consider those factors moot and therefore omit related analysis from this opinion.

> to the Appeals Council; [3] reevaluate the medical opinions,
> including the opinions of State agency medical consultants; [4]
> evaluate the disability determination by the Oregon Office of
> Vocational Rehabilitation Services; and [5] obtain supplemental
> evidence from a vocational expert, including whether Plaintiff has
> any transferable skills.

Request, #25, 13.  In comparison, the relevant aspects of this Court's remand order are as

follows:

> [T]he ALJ must reconsider the credibility of Carr's testimony and
> reconsider the weight accorded to each of the expert medical opinions
> in the record and the weight, if any, accorded to the OVRS's finding
> . . . The court cannot determine whether Carr's new MRI makes his
> limitation testimony credible or whether Drs. Freed and Edmonds'
> opinions and the OVRS's disability finding now deserve more
> weight. This determination is appropriately left to the Administration.

*Carr v. Colvin*, 2014 WL 3475056 *9 (D. Or. July 11, 2014) (omitting footnotes).  This court

also specifically required the ALJ to reconsider on remand the opinion of Dr. David Freed to a

limited extent. *Id.* at n. 5.  The order concluded that "[t]he Administration should evaluate Carr's

[additional medical evidence], and reevaluate all the evidence in the record in light of the new

evidence . . . ." *Id.* at *10.

Carr attempts to draw a distinction between the conditions of the Request and the

subsequent opinion of this Court.  He asserts that the Commissioner's "proposed conditions for

remand would have granted more limited consideration." Pl.'s Supp. Br., #31, 3.  Carr sets forth

two primary arguments to support this position: (1) that the Commissioner did not concede error

regarding the ALJ's consideration of Dr. Freed's opinion; and (2) the Commissioner's Request

"was specific and particularized, omitting [] any reconsideration of Carr's credibility." *Id.* at 4.

I disagree with Carr's assertion that the relief provided by this court advanced his position more so than the terms proposed by the Commissioner.

**B.    Dr. Freed's Medical Opinion**

Regarding Carr's first point, I note that, in her Request, the Commissioner sought a reevaluation of the medical opinions in the underlying case. Request, #25, 13. Importantly, this did not exclude the reevaluation of Dr. Freed's opinion. Carr correctly asserts that the Commissioner did not concede error regarding Dr. Freed's opinion, and I note that the Request specifically outlined several arguments as to why Dr. Freed's opinion was assigned little weight. *See* Request, #25, 9. Nonetheless, the Commissioner's refusal to concede the ALJ's initial error in evaluating Dr. Freed's opinion does not upset the fact that the Request asked this court to grant an inclusive reevaluation of all of the medical evidence. *See generally* Request, #25, 13. To rebut this point, Carr argues in his reply that

> [The Commissioner's] defense of the ALJ's handling of Dr. Freed would have served no purpose had [the Commissioner] not intended that the prior adverse finding eliminate any need for further consideration of that evidence on remand.

Pl.'s Reply, #34, 1. I find this argument unavailing. Whether the Commissioner desired a certain outcome with its Request does not change the terms contained therein, which are general and do not place any condition on the weight assignment for Dr. Freed's opinion. Request, #25, 13.

Thus, Carr's assertions regarding Dr. Freed's opinion do not support the reasonableness of the hours expended subsequently to the Commissioner's Request.

**C.     Carr's Credibility**

Carr next argues that the hours spent opposing the Commissioner's Request were reasonable because, in its imposed conditions, the Request omitted any mention of the ALJ's credibility assessment of Carr's testimony at the initial hearing. Pl.'s Supp. Br., #31, 4.  The Commissioner argues that it omitted such language not in an effort to require the same credibility finding on remand, but instead to order a new hearing altogether, complete with an opportunity for the ALJ to conduct new credibility findings. Def.'s Response, #33, 3.  The Commissioner contends that

> [Carr] is incorrect that this Court's order was substantially more favorable than the Commissioner's proposed remand terms.  The Commissioner's proposed terms including the requirement that [Carr] be given a "new hearing."  This would have necessitated further evaluation of [Carr's] credibility in a manner consistent with this Court's order.

*Id.* at 4 (citations omitted).  I agree.  Had the Commissioner imposed terms on its remand that requesting the ALJ's initial credibility finding regarding Carr be sustained, then Carr's argument on this point would be valid.  However, I construe a "new hearing" to entail new credibility findings, new opportunity for testimony in light of the additional medical evidence presented, and a new outcome informed by the changed circumstances.

I also note that, in this Court's order for remand, the ALJ's credibility finding regarding Carr's testimony was sustained. *Carr v. Colvin*, 2014 WL 3475056 at *6.  This supports the Commissioner's argument that Carr "did not accomplish a substantial improvement in [his] position by turning down the Commissioner's settlement offer." Def.'s Response, #33, 5.  Thus, contrary to Carr's assertions otherwise, this Court's ultimate decision was not "significantly more

favorable" than the terms imposed on the Commissioner's Request.

Thus, because Carr's refusal to accept the Commissioner's request for remand and the results from subsequent disputed work did not accomplish any substantial advancement in his position, time spent opposing the Request was not reasonably expended.

## CONCLUSION

For the reasons above, Carr's motion for attorney fees and costs pursuant to EAJA (#29) is granted in part. Carr is awarded fees in the amount of $6,071.47, as requested in the Commissioner's brief (#33, 2) and as informed by the indices supplied by Carr along with his motion (#30, 1–2).

IT IS SO ORDERED.

Dated this 29th day of December, 2014.

Honorable Paul Papak
United States Magistrate Judge